# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| CAMILO CAMBEROS-ARTEAGA, <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | No. C15-4062-LTS <br><br> **MEMORADUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.   INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed on March 10, 2016, by the Honorable Jon Stuart Scoles, Chief United States Magistrate Judge. *See* Doc. No. 17. Judge Scoles recommends that I reverse the decision by the Commissioner of Social Security (the Commissioner) and remand this case pursuant to sentence four of 42 U.S.C. § 405(g). Neither party has objected to the R&R.

## II.   APPLICABLE STANDARDS

### A.   *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows

for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v.*

*Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

B.  *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge

3

to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Camberos-Arteaga applied for Social Security disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (Act). He alleged disability due to depression, anxiety, diabetes, glaucoma, back injury, high cholesterol, carpal tunnel syndrome and sleep problems. After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Camberos-Arteaga could perform other work that exists in significant numbers in the national economy (making this a Step Five case). Thus, the ALJ concluded that Camberos-Arteaga is not disabled within the meaning of the Act. Camberos-Arteaga argues that there is no evidence – medical or otherwise – to support the ALJ's finding that he retains the residual functional capacity (RFC) to perform medium work. Doc. No. 13, p. 12.

Judge Scoles found that the ALJ's decision is not supported by substantial evidence and, therefore, recommended that it be reversed and remanded. Doc. No. 17. Specifically, Judge Scoles reviewed the ALJ's evaluation of Camberos-Arteaga's RFC under the appropriate legal standard and found:

> While the record demonstrates that Camberos-Arteaga was diagnosed with neck, low back, and shoulder pain, and was treated for such pain, there is no medical evidence as to the level limitations his pain caused, if any limitations. Furthermore, the ALJ offers no explanation for her conclusion that Camberos-Arteaga's RFC includes the ability to perform medium work (occasionally lifting 50 pounds and frequently lifting 25 pounds). *See* 20 C.F.R. § 416.967(c). Camberos-Arteaga's RFC assessment is significant in this case because as Camberos-Arteaga points out in his brief, if his RFC limits him to light work, then based on his age, education, and previous work experience, he would be considered disabled under the Medical-Vocational Guidelines. *See* 20 C.F.R. pt. 404, Subpt. P, App. 2, Table 2,

4

> Rule 202.09. Therefore, is its important in this case that the ALJ explain her reasons for determining Camberos-Arteaga is capable of medium work and support her reasoning with evidence from the record. Because the ALJ failed to explain her reasoning and there is no evidence in the record that addresses Camberos-Arteaga's functional abilities and limitations, the Court finds that remand is appropriate to allow the ALJ to fully and fairly develop the record as it pertains to Camberos-Arteaga's RFC. *See Guilliams*, 393 F.3d at 803 (providing that an ALJ's RFC assessment must be based on all of the relevant evidence). Moreover, on remand, the ALJ should also order a consultative examination that addresses Camberos-Arteaga's functional abilities and limitations. *See Barrett*, 38 F.3d at 1023 (providing that an ALJ may order medical examinations and tests when the medical records presented to him or her constitute insufficient medical evidence to determine whether the claimant is disabled).

Doc. No. 17, p. 13-14. In recommending remand, rather than reversal for an immediate award of benefits, Judge Scoles wrote:

> In the present case, the Court concludes that the medical records as a whole do not "overwhelmingly support a finding of disability." *Beeler*, 833 F.2d at 127. Instead, the ALJ simply failed to fully and fairly develop the record with regard to Camberos-Arteaga's RFC.

*Id.*, p. 14. Judge Scoles then recommended that the case be remanded for further consideration consistent with his decision. *Id.*, p. 15.

## IV. DISCUSSION

Because the parties did not object to Judge Scoles' R&R, I have reviewed it for clear error. Judge Scoles described and applied the appropriate legal standards when reviewing the ALJ's RFC findings. Judge Scoles found that substantial evidence did not support the ALJ's RFC finding because the ALJ failed to explain her reasoning and failed to fully and fairly develop the record. I find no error – clear or otherwise. As such I adopt the R&R in its entirety.

5

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Chief United States Magistrate Judge Scoles' March 10, 2016, report and recommendation (Doc. No. 17) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Scoles' recommendation:

   a. The Commissioner's determination that Camberos-Arteaga was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as discussed by Judge Scoles.

   b. Judgment shall enter in favor of Camberos-Arteaga and against the Commissioner.

   c. If Camberos-Arteaga wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 3rd day of August, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE